Filed 1/13/25  County of Tulare v. Guzman CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| COUNTY OF TULARE, et al.,<br><br>    Plaintiffs and Respondents,<br><br>        v.<br><br>VICENTE GUZMAN,<br><br>    Defendant and Appellant. | F086380<br><br>(Super. Ct. No. VCU293896)<br><br>**OPINION** |

-ooOoo-

APPEAL from the Superior Court of Tulare County.  Bret D. Hillman, Judge.[‡]

Vicente Guzman, in pro. per., for Defendant and Appellant.

Jennifer Flores, County Counsel, Amy I. Myers and Andrew K. Haller, Deputy County Counsel, for Plaintiffs and Respondents County of Tulare and Troy Barker.

-ooOoo-

Tulare County sought, received, and served an inspection warrant on Vicente Guzman with respect to property he owned.  The inspection revealed local ordinance violations relating to "unpermitted structures" and "[m]ultiple vehicles along with

---

[‡] Based on the appellate record, Judge Hillman signed the inspection warrant and had no further involvement in this matter.

miscellaneous construction equipment[.]"  Because the record reveals no challenge to the County's actions, we dismiss the appeal.

## BACKGROUND

A code enforcement officer applied for an inspection warrant to search Guzman's property.  The genesis for the application was an apparent[1] "request for inspection" submitted to the County on its "website.  The request indicated that multiple structures were being built on the property without permits, and that the property was being used to store several old vehicles."

A second officer visited the property and confirmed potential ordinance violations.  The County eventually submitted to Guzman a notice and order to correct the violations.  Guzman verbally communicated with the County, claiming he was not in violation and declined to allow officers to search the property to confirm or disprove his claim.

The County subsequently sought a warrant to inspect the property "to determine the extent of the [building] violations" and to "inspect all vehicles and trailers located on the property for [other] potential violations[.]"  A judge accordingly signed a warrant, authorizing the County to "inspect the exterior and interior of all buildings and structures," "inspect all vehicles located on the property," "inspect all trailers located on the property," and to "bring … persons with relevant expertise to assist in determining the nature and extent of the" violations.

The search was executed and the County filed a return.  The return disclosed two "unpermitted structures were confirmed on [Guzman's] property," along with "[m]ultiple vehicles along with miscellaneous construction equipment[.]"  These findings violated local ordinances.  According to Guzman's briefing, he ultimately abated the alleged

---

**1** By "apparent," we mean this summary is based entirely on the parties' briefs and the ex parte filings relating to seeking and serving the warrant.  The appellate record discloses little, if any, of the pertinent trial court proceedings.

ordinance violations by dismantling the structures at issue and selling or "giv[ing his] stuff away[.]"

About six months later, Guzman filed a request for a temporary restraining order against the code enforcement officer that applied for the warrant. The record does not disclose an outcome for the request.

Several weeks later, Guzman filed a notice of appeal. The notice indicated he was appealing from a judgment after an order granting summary judgment.[2]

## **DISCUSSION**

In the appellate briefs, Guzman describes personal animosity between himself and the main code enforcement officer in this case. Guzman, again in his brief, accused the same officer of trespass and perjury to obtain the inspection warrant. He also claims the search did not comply with Code of Civil Procedure section 1822.56, was otherwise unlawful, and the officer was not a "neutral arbitrator[.]"

The problem with Guzman's contentions is—based on the appellate record—they were never presented in any format below. The record contains no evidence Guzman ever challenged the inspection warrant or the County's actions in ordering abatement.[3]

Put simply, there is no ruling, order, or judgment subject to our review. Prior to this appeal, there appears no attempt to formally challenge the County's actions, either

---

[2] Guzman's notice of appeal was handwritten. A separate notice of appeal in the record is computer generated. That second notice indicates an appeal from an "Application for Inspection and Abatement Warrant." It is unclear whether Guzman or the superior court generated this document. The answer, however, is immaterial to this opinion.

[3] In Guzman's reply brief, he states he presented a government claim to the County about one month after the search, and the claim was then rejected a few weeks later. The record does not support the statement, but even if it did, there is no evidence Guzman ever filed a complaint or took any formal action after his claim was rejected. Accordingly, whether or not Guzman presented a government claim in compliance with the Government Claims Act is immaterial to our disposition.

3.

administratively or through court.  Consequently, there is nothing to review, nor is there original jurisdiction in this court.

## **DISPOSITION**[4]

The appeal is dismissed.  Each party to bear its own costs.

SNAUFFER, J.

WE CONCUR:

DETJEN, Acting P. J.

DE SANTOS, J.

---

**4** Guzman returned an at-best vague request for oral argument to this court. Because we dismiss the appeal, he is not entitled to oral argument.